EXHIBIT K to Notice of Removal to the U.S. District Court for the District of Colorado Under 28 U.S.C. § 1441(b)

TravelStorm, Inc. v. HomeAway, Inc., et al.



**GRANTED**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.

*Gail H. Nichols*

Gail Nichols
District Court Judge
DATE OF ORDER INDICATED ON ATTACHMENT

EFILED Document
CO Pitkin County District Court 9th JD
Filing Date: Apr 14 2011 3:47PM MDT
Filing ID: 37052377
Review Clerk: Jonna Goldstone

| | |
|---|---|
| District Court, Pitkin County, Colorado<br>506 E. Main Street, Aspen, Colorado 81611<br>Tel: (970) 925-7635 | |
| **Plaintiff:**<br>TRAVELSTORM, INC., a Delaware corporation<br><br>v.<br><br>**Defendants:**<br>HOMEAWAY, INC., a Delaware corporation, and<br>INSTANT, INC., a Delaware corporation | ^COURT USE ONLY^<br><br>Case Number: 10 CV 395<br><br>Division: 5    Courtroom |
| **Attorneys for Defendants:**<br>Lance R. Coté<br>KLEIN, COTÉ & EDWARDS, LLC<br>201 N. Mill Street, Suite 203cy<br>Aspen, Colorado 81611<br>Phone Number: 970-925-8700<br>Fax Number:    970- 925-3977<br>E-mail: lrc@kcelaw.netmailto:cote@rof.net<br>Atty. Reg. #: 18194<br><br>and<br><br>Clayton Basser-Wall<br>WILSON SONSINI GOODRICH & ROSATI<br>900 South Capital of Texas Highway<br>Las Cimas IV, Fifth Floor<br>Austin, Texas  78746-5546<br>Phone Number: 512-338-5400<br>Fax Number:    512-338-5499<br>E-mail: cbasserwall@wsgr.com<br>Texas Bar #: 24054189 | |
| **[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER** | |

This matter having come before the Court pursuant to the agreement of the parties, and good cause being shown, the Court ORDERS that the following procedures shall be used in this

Case 1:11-cv-01390-MSK-BNB   Document 9   Filed 05/25/11   USDC Colorado   Page 3 of 14

TravelStorm, Inc. v. HomeAway, Inc., et al.
Pitkin County District Court Case No. 10 CV 395
[proposed] Joint Stipulated Protective Order
Page 2 of 12

action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

1. **CONFIDENTIAL INFORMATION.**

    (a) **CONFIDENTIAL.** A document, court filing, response to subpoena, interrogatory or request for admission, or testimony of a witness may be designated by a party as "CONFIDENTIAL" if, in the discretion of the designating entity, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees.

2. **DESIGNATION OF INFORMATION PRODUCED.**

    (a) Any answers, responses or documents deemed CONFIDENTIAL under Paragraph 1(a) by the designating party shall be marked or stamped by the designating party as "CONFIDENTIAL."

    (b) Any answers, responses or documents deemed confidential under Paragraph 1(a) that are produced by a third party who has received a subpoena or other request for documents or information may at the election of any party to this lawsuit, or the producing third party, be designated as CONFIDENTIAL. Such designation shall be made in accordance with Paragraph 4(g) below.

    (c) Stamping, marking, or designating material as set forth in Paragraphs 2(a) and 2(b) shall constitute certification by the designating party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

### 3. GOOD FAITH DESIGNATION

No party shall designate any document or other material as CONFIDENTIAL unless the party has a good faith belief that disclosure of the material will reveal non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or private information about employees, which, if disclosed, could be harmful to the party, or subject such party to competitive misuse or contains private information relating to customers or employees or may otherwise be protected by federal or state law.

### 4. DEPOSITIONS AND SUBPOENAS.

(a) If a CONFIDENTIAL document is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal.

(b) During any deposition, counsel for the designating party may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL. The room in which the deposition is being taken shall, at the request of the designating party, be closed in accordance with the restrictions of Paragraph 4. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the designating party to advise or instruct the witness not to answer.

(c) Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as CONFIDENTIAL in their entirety until fifteen (15) days after receipt of the transcript, unless the parties expressly agree otherwise. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL The designation shall be accomplished by a letter to all other parties and the court reporter listing

the pages, lines, and exhibits constituting confidential information and the category of confidentiality.

(d) The pages of the transcript designated as containing CONFIDENTIAL information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting CONFIDENTIAL information shall be appropriately noted on the front of the original deposition transcript. Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate. To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter, and shall pay all additional charges associated with fulfilling this requirement.

(e) Failure to designate testimony as CONFIDENTIAL either at a deposition or within fifteen (15) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as CONFIDENTIAL information, but shall not affect the status of any other documents or information, whether or not closely related.

(f) Documents and any other materials containing CONFIDENTIAL information may be shown to a witness to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of such information is relevant to the subject of examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial unless the witness prepared or participated in the preparation of the document or the witness was a recipient of or was shown the document prior to it being produced in this litigation. The witness also shall not be permitted to retain any such documents or things or any copies thereof after the deposition or trial (except for the purpose of reviewing

the transcript of his or her deposition in connection with its correction or execution) unless the witness is otherwise authorized under Paragraph 5 hereof to receive such information. Notwithstanding the foregoing, if the designating party objects to the use of CONFIDENTIAL information at a deposition or at trial, the designating party shall file a motion for a protective order with the Court objecting to such disclosure: (i) in the case of an objection during a deposition, within seven (7) days after the designating party makes the objection; or (ii) in the case of an objection during trial, the designating party shall immediately address the issue to the Court and abide by the Court's decision made during the trial. The CONFIDENTIAL information at issue shall not be disclosed at the deposition or at trial while the producing or designating party's motion objecting to such disclosure is pending before the Court.

(g) Within fifteen (15) days after receipt of any document or information produced by a third party in response to a subpoena or other request, any party to this lawsuit, or the producing third party, may designate all or portions of the documents or information produced as CONFIDENTIAL. The documents or information shall be treated by the parties as CONFIDENTIAL until after the expiration of fifteen (15) days from the day they are produced. The designation shall be accomplished by a letter to all other parties listing the documents or information or portions thereof that constitute CONFIDENTIAL documents or information. Failure to designate documents or information as CONFIDENTIAL within fifteen (15) days after receipt shall be deemed a waiver of the right to designate such documents or information as CONFIDENTIAL, but shall not affect the status of any other documents or information, whether or not closely related.

5. **"CONFIDENTIAL" RESTRICTIONS.**

Information, testimony or documents designated as CONFIDENTIAL shall not be disclosed to any person other than:

(a) The attorneys of record for a party to this lawsuit, and the employees and associates of those attorneys who are involved in the conduct of this action.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (*e.g.*, court reporters).

(c) Trial or deposition witnesses, subject to the provisions of Paragraph 4(f), above.

(d) Independent experts and consultants retained by the receiving party's attorneys for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the Undertaking set forth in Paragraph 6.

(e) A party to this lawsuit, or agents, officers, or employees of a party to this lawsuit.

(f) If a non-designating party seeks to disclose CONFIDENTIAL information to a person not listed or described above, the non-designating party shall provide written notice of the person's name and the material to be provided to such person to the designating party, who shall have seven (7) days to object to such disclosure. If the designating party objects to such disclosure within the seven (7) day period, then the non-designating party shall bear the burden of moving for resolution with the Court.

(g) Counsel for the parties shall maintain a written log identifying all persons receiving CONFIDENTAL documents or information, identifying the documents and information produced, the date of the disclosure and when the "Undertaking" was signed.

6. **UNDERTAKING.**

No disclosure of any CONFIDENTIAL documents or information shall be made to any person other than those specified in Paragraph 5. Moreover, no disclosure of any CONFIDENTIAL documents or information shall be made to any person, other than those specified in Paragraphs 5(a)-(d) unless the person to whom disclosure is to be made has signed, prior to any disclosure of CONFIDENTIAL documents or information, an Undertaking in the form attached to this Order.

7. **SUBMISSION TO THE COURT.**

(a) All CONFIDENTIAL documents and information, and any pleading or other paper containing CONFIDENTIAL documents and information filed with this Court, shall be filed under seal in accordance with the Court's practices and applicable rules. Where possible, only those portions of filings that contain CONFIDENTIAL documents and information shall be filed with the Court under seal. The designating party shall identify on a document-by-document, page-by-page, or section-by-section basis, as appropriate, the specific portions that contain CONFIDENTIAL documents and information so as to facilitate maximum disclosure of non-confidential portions. At trial, exhibits containing CONFIDENTIAL documents and information shall, at the discretion of the designating party and with permission of the Court, be filed under seal.

(b)     If, through inadvertence or otherwise, CONFIDENTIAL documents and information are filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

### 8.     OBJECTION TO DESIGNATION

Any party may contest the designation of any document or information as CONFIDENTIAL.  In the event of a dispute regarding the designation of a document, the designating party shall be responsible for taking the disputed matter to the Court within fifteen (15) days of the other party's written objection to the designation.  During the fifteen (15) day period following the objection to the designation, and until the Court rules on any motion, the document or information shall be treated according to the designation.  If the designating party fails to file a motion with the Court seeking to prohibit disclosure within the fifteen (15) day period (or a longer period if agreed to by all the parties), the document or information shall no longer be treated as CONFIDENTIAL.  The designating party and the party who objects to the designation shall confer in good faith during the fifteen (15) day period to resolve any such disagreements.  This Court shall determine any unresolved disputes using the same standards as if the designating party had applied for a protective order under the Colorado Rules of Civil Procedure and related law.

### 9.     DISCLOSURE.

(a)     <u>Inadvertent Disclosure</u>.  If, through inadvertence, the designating party provides any material containing CONFIDENTIAL documents or information during the course

of this litigation without designating the material as set forth in Paragraph 2 above, the designating party may subsequently inform the non-designating party in writing of the CONFIDENTIAL nature of the material and specify the designation that should be applied to the material. The non-designating party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the receiving party has not already disclosed the material.

(b) <u>Required Disclosure</u>. In the event that any person in receipt of CONFIDENTIAL documents or information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the CONFIDENTIAL documents or information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the designating party. If the designating party notifies the non-designating party in writing of its intention to object to the written request or subpoena, the non-designating party shall not disclose the CONFIDENTIAL documents or information provided that the designating party files an appropriate motion within 7 days of receiving a copy of the subpoena or written request.

(c) <u>Unauthorized Disclosure</u>. If material containing CONFIDENTIAL documents or information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to obtain the return of the CONFIDENTIAL documents or information, and to prevent further disclosure.

10. **LIMITATION ON USE AND SURVIVAL.**

(a) Any CONFIDENTIAL documents and information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever.

(b) All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

11. **PRODUCING PARTY'S USE.**

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose.

12. **INDEPENDENT SOURCE.**

The restrictions on use and disclosure set forth in this Protective Order shall not apply to information that prior to being obtained by the non-designating party pursuant to this Protective Order, either is in the possession of the receiving party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Protective Order shall further not apply to information that, after being obtained by the non-designating party pursuant to this Protective Order, becomes demonstrably public knowledge other than by act or omission by the non-designating party.

### 13. RETURN.

At the conclusion of this action, all tangible CONFIDENTIAL documents and information, and all copies of CONFIDENTIAL documents and information or any derived summaries, memoranda, or other records containing CONFIDENTIAL documents and information shall, at the non-designating party's option, be destroyed or returned to counsel for the designating party; except that counsel for each party may retain one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product.

### 14. PROTECTION OF THIRD PARTIES.

An entity that is not a party to this litigation may take advantage of the protection of CONFIDENTIAL documents and information provided by this Order, and such entity shall be entitled to all rights and protections afforded any the producing party under this Protective Order.

### 15. MODIFICATION OF PROTECTIVE ORDER.

The parties reserve the right to seek modification of this Protective by the Court as necessary.

Done this ___ day of April, 2011.

BY THE COURT:

_____
District Court Judge

TravelStorm, Inc. v. HomeAway, Inc., et al.
Pitkin County District Court Case No. 10 CV 395
[proposed] Joint Stipulated Protective Order
Page 12 of 12

## UNDERTAKING

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive Confidential Information supplied by _____ (Party). I certify that I understand that such Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2011, in case number 2010 CV 395 in the District Court for Pitkin County, Colorado (the "Court"). I further represent that I have been given a copy of and have read that PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information. I consent to personal jurisdiction over me by the Court for purposes of enforcing the PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

_____     _____
Date                                      Signature

| | |
|---|---|
| This document constitutes a ruling of the court and should be treated as such. | |
| Court: | CO Pitkin County District Court 9th JD |
| Judge: | Gail H Nichols |
| Current Date: | Apr 14, 2011 |
| Case Number: | 2010CV395 |
| Case Name: | TRAVELSTORM INC A DELAWARE CORPORATION vs. HOMEAWAY INC A DELAWARE CORPORATION et al |

/s/ Judge Gail H Nichols